UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RAIZY PERLSTEIN on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

    -against-

LAW OFFICES OF PETER CIPPARULO, III, LLC

                              Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Raizy Perlstein, seeks redress for the illegal practices of Law Offices of Peter Cipparulo, III, LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5.    Upon information and belief, Defendant's principal place of business is located within Hillsborough, New Jersey.

6.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## Allegations Particular to Raizy Perlstein

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about June 3, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Upon information and belief, the said collection letter was the Defendant's initial communication with the Plaintiff.

13. The said collection letter stated in part as follows: "Please be advised that this office has been authorized to institute legal action to recover the amount owed."

14. Said language is a threat to take unintended legal action.

15. Defendant violated 15 U.S.C. §1692e(5) of the FDCPA by threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action.

16. Said language also contradicts the Plaintiff's right to dispute the debt for the entire initial thirty day period.

17. Section 1692g(b) of the FDCPA states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

18. Overshadowing of a debtor's validation rights occurs not only when the validation notice contains contradictory language, but also when the overall tenor, form, and context of the

communication would mislead the least sophisticated debtor and encourage him to disregard his or her rights.

19. A notice is overshadowing or contradictory if the least sophisticated consumer would be confused as to his or her rights.

20. In this case, when confronted with the Law Offices of Peter Cipparulo, III, LLC's letter threatening to take legal action, a demand for payment or action by the consumer within a time less than the disclosed thirty-day validation period contradicts § 1692g(a) and thus violates the Act.

21. Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for overshadowing the Plaintiff validation rights within the thirty day period, and for engaging in deceptive and falsely threatening practices.

22. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

23. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

24. The identities of all class members are readily ascertainable from the records of the Law Offices of Peter Cipparulo, III, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

25. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Law Offices of Peter Cipparulo, III, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

26. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

27. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

28. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

29. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this

        complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

34. Plaintiff incorporates herein by reference, paragraphs one (1) through thirty three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiff and the members of two classes.

36. The first class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; and (a) the collection letter was sent to a consumer seeking payment of a consumer debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken by Defendant in violation of 15 U.S.C. § 1692e(5).

37. The second class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; and (a) the collection letter was sent to a consumer seeking payment of a consumer debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for overshadowing the Plaintiff validation rights within the thirty day period, and for engaging in deceptive and falsely threatening practices.

### Violations of the Fair Debt Collection Practices Act

38. The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

39. The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

40. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

      (i)      Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

(d)      Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       May 28, 2015

                      /s/   Maxim Maximov
                      Maxim Maximov, Esq.
                      Attorneys for the Plaintiff
                      Maxim Maximov, LLP
                      1701 Avenue P
                      Brooklyn, New York 11229
                      Office: (718) 395-3459
                      Facsimile: (718) 408-9570
                      E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                      /s/   Maxim Maximov
                      Maxim Maximov, Esq.